UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS,<br><br>        Plaintiff,<br><br>   v.<br><br>AMIR, et al.,<br><br>        Defendants. | No. 1:25-cv-00394-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 9) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed May 12, 2025.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

1    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On March 1, 2004, while alone in a cell in administrative segregation at Wasco State Prison, Plaintiff woke up with intense pain in his left hip area and noticed a lump. At pill call, Plaintiff informed the nurse about the pain and lump. The nurse ordered a prison guard to escort the Plaintiff to medical clinic. Plaintiff was examined by the attending physician and provided Tylenol 3. An x-ray was ordered and Plaintiff was ordered to be transferred to Corcoran State Prison.

Mercy Dignity Hospital is liable and responsible for Dr. Amir's conduct who violated the hospital's policy and laws. No one examined Plaintiff after the last surgery and failed to read the

1  discharge and x-ray images to make sure all the screws were out which violated the hospital's
2  policy. Dr. Raman's medical notes reflect that Dr. Amir recommended that all screws be
3  removed completely.
4        On January 13, 2025, Plaintiff had a consultation visit with Steven R. Allsing for hip
5  replacement who told Plaintiff the screws in the left femoral head were still intact and Plaintiff's
6  primary physician, Dr. Hoxmeler, confirmed such days later during a telephone interview. All of
7  the years of pain was due to Dr. Amir's failure to remove the left screw from the left femoral
8  head.
9        After the second surgery for completion of removing all screws from the left and right
10 femoral head, no medical staff told Plaintiff that the left screws were still intact. Medical staff did
11 not review the medical record to catch that Dr. Amir did not remove the left screw in violation of
12 hospital policy.
13       The dislodged screw on the left femoral head caused Plaintiff intense pain. When Dr.
14 Amir did not remove the screw which lead to further significant injury and unnecessary pain.
15       For years after the surgery no one told Plaintiff that the left screw was still intact and it
16 was not until January 2025, that he was informed by an orthopedic of the retention of the screw.

### III.

### DISCUSSION

**A.     Mercy Hospital as Defendant**

"[M]unicipalities and other local government units ... [are] among those persons to whom § 1983 applies." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). However, "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.' " City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County. v. Dodson, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385. "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691 (emphasis in original). The same holds true

for claims against private entities acting under color of state law. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012) (to state a claim against a private entity under Monell a plaintiff must allege facts showing entity as acting under color of state law and violation was caused by official policy or custom of entity).

Plaintiff fails to allege sufficient facts to show that any potential violation of his constitutional rights by Mercy Dignity Hospitals employees was the result of their policies or customs. Absent allegations demonstrating that these entities' policies led to the respective violations of Plaintiff's rights, they cannot be liable.

### B.    Deliberate Indifference to Serious Medical Need

Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted). First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Id. (internal citations and quotations omitted.)  Second, the plaintiff must show that the defendant's response to the need was deliberately indifferent. Id. The second prong is satisfied by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id.  Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal citations omitted).  However, an inadvertent or negligent failure to provide adequate medical care alone does not state a claim under § 1983. Id.

"A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012)

1  (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986).  Rather, Plaintiff "must show that
2  the course of treatment the doctors chose was medically unacceptable under the circumstances
3  and that the defendants chose this course in conscious disregard of an excessive risk to [his]
4  health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks
5  omitted).)  In addition, "[m]edical malpractice does not become a constitutional violation merely
6  because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88, overruled in
7  part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122.

8        Plaintiff has failed to state a cognizable claim for deliberate indifference.  Plaintiff's
9  allegations against Dr. Amir span back to surgery performed in May 2004-approximately 21
10 years ago.  Plaintiff has failed to allege facts that Dr. Amir acted out of a non-medical motive or
11 for reasons unrelated to his medical condition.  In addition, Plaintiff has failed to present evidence
12 to demonstrate the actions of Dr. Amir were medically unacceptable based on the information
13 available at the time of or during surgery.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.
14 1996) (Plaintiff must show that the course of treatment was medically unacceptable under the
15 circumstances); see also Powell v. Marlais, Case No. 14-cv-05308-JST, 2016 WL 5462443, at *2-
16 4, *13 (N.D. Cal. Sept. 29, 2016) (granting summary judgment for prison dentist against prison
17 who requested antibiotics, pain medications and a root canal to address dental pain; prisoner had
18 refused the offered care of extraction of two teeth, removal of four-tooth bridge, and provision of
19 partial denture from prison dentist who believed there was no bacterial infection and that a root
20 canal would not work); Pickett v. Repasky, Case No. C-11-4367 TEH (PR), 2012 WL 1231811,
21 at 2 (N.D. Cal. Apr. 12, 2012) (no deliberate indifference where defendant failed to provide
22 plaintiff his preferred treatment and offered an extraction or a root canal instead); Kunkel v. Dill,
23 Case No. 1:09-cv-00686-LJO-BAM PC, 2012 WL 761247, at *24 (E.D. Cal. Mar. 7, 2012) (no
24 deliberate indifference where defendant recommended extraction and did not provide plaintiff's
25 desired treatment), report and recommendation adopted, 2012 WL 1856499 (E.D. Cal. May 21,
26 2012); Rosenberg v. Lappin, Case No. 09-1722-PA (SH), 2010 WL 4668317, at *7-8 (no
27 deliberate indifference where plaintiff and defendant disagreed on whether to extract or prescribe
28 antibiotics to treat an abscess in a tooth, and any pain plaintiff suffered during the period in which

1 he refused extraction was his own doing), report and recommendation adopted, 2010 WL (C.D.
2 Cal. Nov. 8, 2010).  Furthermore, even if the treatment and/or surgery by Dr. Amir was mistaken
3 in hindsight, "inadequate treatment due to malpractice, or even negligence, does not amount to a
4 constitutional violation." Estelle v. Gamble, 429 U.S. at 106.  Moreover, a difference of opinion
5 between Plaintiff and Dr. Amir (or between medical doctors) as to the appropriate course of
6 treatment, is insufficient as a matter of law to constitute deliberate indifference. Snow v.
7 McDaniel, 691 F.3d 978, 987 (9th Cir. 2012) ("[a] difference of opinion between a physician and
8 the prisoner—or between medical professionals—concerning what medical care is appropriate
9 does not amount to deliberate indifference.").  That Plaintiff had a bad outcome following the
10 surgical procedure by Dr. Amir is not sufficient to show that Defendants were deliberately
11 indifferent. See Cunningham v. UCSF Spine Center, No. C-13-1978 EMC (pr), 2013 WL
12 5539311, at *3 (N.D. Cal. Oct. 8, 2013) ("That a surgery has potential complications or cannot be
13 performed with guaranteed perfect results does not mean that a doctor who performs the surgery
14 does so with deliberate indifference, or even negligence."); Torrey v. Lovett, No. 2:12-cv-1457
15 JAM CKD P, 2013 WL 269043, at *2 (E.D. Cal. Jan. 23, 2013) (plaintiff's allegation that his
16 knee surgery was "botched" was "exactly the kind of negligence claim that is not cognizable
17 under § 1983").  Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference
18 against Dr. Amir.

19        **C.**     **Further Leave to Amend**

20 If the Court finds that a complaint or claim should be dismissed for failure to state a claim,
21 the Court has discretion to dismiss with or without leave to amend. Leave to amend should be
22 granted if it appears possible that the defects in the complaint could be corrected, especially if a
23 plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v.
24 United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to
25 amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that
26 the deficiencies of the complaint could not be cured by amendment." (citation omitted).
27 However, if, after careful consideration, it is clear that a claim cannot be cured by amendment,
28 the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

1  In light of Plaintiff's failure to provide additional information about his claims despite
2 specific instructions from the Court, further leave to amend would be futile and the first amended
3 complaint should be dismissed without leave to amend. Hartmann v. CDCR, 707 F.3d 1114, 1130
4 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").
5 Here, Plaintiff's allegations fail to give rise to a constitutional violation, and Plaintiff has
6 previously been given leave to amend. Accordingly, further leave to amend the complaint should
7 be denied.

## IV.

## ORDER AND RECOMMENDATION

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed, without further leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 22, 2025**

STANLEY A. BOONE
United States Magistrate Judge

7